IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ARLENE A. SMITH-SCOTT, | * | |
| Appellant, | * | |
| v. | * | Civil Action No. RDB-15-3637 |
| | | Bankruptcy No. 14-25022 |
| GEORGE W. LIEBMANN, TRUSTEE | * | |
| Appellee. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Debtor Arlene A. Smith-Scott appeals from two orders of United States Bankruptcy Judge James F. Schneider: (1) the November 25, 2015 Order Denying Debtor's Motion to Remove Trustee ("Order Denying Motion to Remove Trustee") (ECF No. 1-2, B.R. Doc. 296); and (2) the November 23, 2015 Order Striking Debtor's Motion to Reconsider (PL. 286) ("Order Striking Motion to Reconsider") (ECF No. 1-1, B.R. Doc. 291).

Currently pending before this Court are: Appellant's Motion for Stay Pending Appeal ("Motion for Stay") (ECF No. 5); and Appellee George W. Liebmann, Chapter 7 Trustee's Motion to Dismiss Appeal ("Motion to Dismiss Appeal") (ECF No. 10).[1]

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 158(a), as Smith-Scott's appeal arises from a final order entered by the United States Bankruptcy Court for the District of Maryland and is brought pursuant to Local Rule 404(1)(a) (D. Md. 2014).[2]

---

[1] Appellant's Opposition to Appellee's Motion to Dismiss Appeal was due on February 22, 2016. Appellant has filed no opposition. Appellee's Motion is thus ripe for adjudication.

[2] As discussed herein, however, this Court lacks jurisdiction over Smith-Scott's appeal of the Order Denying Motion to Remove Trustee, as that Order is not final. This basis of Smith-Scott's appeal, therefore, must be dismissed.

1

Oral argument is deemed unnecessary because the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument. *See* Fed. R. Bankr. P. 8019(b)(3); *see also* Local Rule 105.6 (D. Md. 2014). For the reasons stated below, Appellee's Motion to Dismiss (ECF No. 10) is GRANTED, Appellant's Motion to Stay (ECF No. 5) is MOOT, and the Order of Bankruptcy Judge James F. Schneider (ECF No. 1-1, B.R. Doc. 291) is AFFIRMED.

## BACKGROUND

I.      Appeal of Order Denying Motion to Remove Trustee

On November 22, 2015, Appellant filed a Motion to Remove George W. Liebmann as Chapter 7 Trustee from her bankruptcy case. (ECF No. 6-2, B.R. Doc. 290.) Judge Schneider denied the Motion to Remove Trustee on November 22, 2015. (B.R. Doc. 296.) Appellant now challenges the Order Denying Motion to Remove Trustee.

II.     Appeal of Order Striking Motion to Reconsider

The background of the second basis for this Appeal is set forth in this Court's Memorandum Opinion dated March 18, 2016 ("Memorandum Opinion"). *Smith-Scott v. Howard Bank*, Civ. No. RDB-15-3423, ECF No. 15. In the Memorandum Opinion and accompanying Order, this Court affirmed Judge Schneider's Order Approving Trustee's Motion for Sale of 10 Stanley Drive, Catonsville, Free and Clear of Liens and Encumbrances. *Id.* The Appeal in *Smith-Scott v. Howard Bank* was filed on November 9, 2015. (B.R. Doc. 279.) The pending Appeal is based on Appellant's November 17, 2015 Motion to Reconsider the Order approving the sale of the property (B.R. Doc. 286) and the court's November 23, 2015 Order Striking Debtor's Motion to Reconsider (B.R. Doc. 291).

## STANDARD OF REVIEW

This appeal is brought pursuant to Rule 8001 of the Federal Rules of Bankruptcy Procedure. On appeal from the United States Bankruptcy Court, this Court acts as an appellate court and reviews the Bankruptcy Court's findings of fact for clear error and conclusions of law *de novo*. *In re Merry–Go–Round Enterprises, Inc.*, 400 F.3d 219, 224 (4th Cir. 2005); *In re Kielisch*, 258 F.3d 315, 319 (4th Cir. 2001). A factual finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with a firm and definite conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "Under the clearly erroneous standard, if the bankruptcy court's factual findings are plausible in light of the record viewed in its entirety, a reviewing court may not reverse even if it would have weighed the evidence differently." *In re Frushour*, 433 F.3d 393, 406 (4th Cir. 2005) (internal citation omitted).

## ANALYSIS

I.  Order Denying Motion to Remove Trustee

Appellee argues that the Order Denying Motion to Remove Trustee is a "non-final interlocutory order," and, accordingly, not properly before this Court. (ECF No. 10 at ¶¶ 9-12.) Appellant has filed no opposition.

"The bankruptcy court's order denying removal of the trustee is not final: It neither resolves nor seriously affects substantive rights, nor finally determines the discrete issue to which it is addressed, since the trustee could be removed at a later time." *In re SK Foods, L.P.*, 676 F.3d 798, 802 (9th Cir. 2012). *See also In re E. Livestock Co., LLC*, 2013 WL 4479080, at *4 (S.D. Ind. Aug. 20, 2013) ("[S]ince an order denying removal of the trustee preserves the status quo and may be later revisited, … such an order is not a final order

subject to 28 U.S.C. § 158(a)(1).") Both *SK Foods* and *Livestock* emphasize that an order *denying* removal affects substantive rights in a manner different from an order *granting* removal of a trustee. *Id.* While these decisions predate the Supreme Court's recent decision in *Bullard v. Blue Hills Bank*, these decisions are consonant with the result reached there. *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1692 (2015) (holding that a bankruptcy court's order *denying* confirmation of a proposed repayment plan with leave to amend is not a "final," appealable order). Accordingly, the pending Appeal of the Bankruptcy Court's Order Denying Motion to Remove Trustee is not properly before this court and must be dismissed.

II.     Order Striking Motion to Reconsider

Appellee argues that Appellant's Motion to Reconsider the Order Approving the Sale of the Stanley Drive property was moot when filed on November 17, 2015 (B.R. Doc. 286) because Appellant had already filed her Notice of Appeal of the Order Approving the Sale on November 9, 2015 (B.R. Doc. 279). (ECF No. 10 at ¶¶ 6-7.) Thus, Appellee argues, the Bankruptcy Court no longer retained jurisdiction over the Motion to Reconsider and properly struck the Motion to Reconsider. *Id.*

As the United States Supreme Court explained in *Griggs v. Provident Consumer Disc. Co.*, "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). "The divestiture rule applies to appeals of bankruptcy proceedings." *In re Winimo Realty Corp.*, 270 B.R. 99, 105 (S.D.N.Y. 2001).

Appellant's filing of her Notice of Appeal of the Order Approving the Sale on November 9, 2015 (B.R. Doc. 279) divested the Bankruptcy Court of its jurisdiction over the matter. Without jurisdiction over this issue, Judge Schneider properly struck Appellant's Motion to Reconsider. Accordingly, this Appeal shall be dismissed.[3]

## **CONCLUSION**

For the reasons set forth above, Appellee George W. Liebmann, Chapter 7 Trustee's Motion to Dismiss (ECF No. 10) is GRANTED; the Appeal of Bankruptcy Judge James F. Schneider's Order Denying Debtor's Motion to Remove Trustee (ECF No. 1-2, B.R. Doc. 296) is DISMISSED; and Judge Schneider's Order Striking Debtor's Motion to Reconsider (PL. 286) (ECF No. 1-1, B.R. Doc. 291) is AFFIRMED.

Appellant's Motion for Stay Pending Appeal (ECF No. 5) is MOOT.

A separate Order follows.

Dated:    March 18, 2016

/s/
Richard D. Bennett
United States District Judge

---

[3] This Court further notes that Appellant lacks standing to challenge the Order Approving Trustee's Motion for Sale, and, moreover, that the appeal of the Order is moot. *See Smith-Scott v. Howard Bank*, RDB-15-3423, ECF No. 15.